UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

            Plaintiff,

  v.

ENTERPRISE LEASING COMPANY OF
FLORIDA, LLC,

            Defendant.

Case No. 23-cv-61744

**DEFENDANT ENTERPRISE LEASING COMPANY OF FLORIDA, LLC'S
MOTION TO COMPEL INDIVIDUAL CLAIMANT INFORMATION**

Pursuant to Fed. R. Civ. P. 37(a)(3) and S.D. Fla. L.R. 26.1(g), defendant Enterprise moves to compel plaintiff EEOC to produce documents regarding individual claimants it purports to represent. EEOC has twice sought, through a bifurcation motion, to foreclose Enterprise's ability to take discovery from individual applicants. *See* Dkt. 35, 84. The District Court rebuffed both requests and, in denying EEOC's second motion, directed that individual discovery take place subject to appropriate limits. Dkts. 36, 102. Consistent with that directive, Enterprise has narrowed its requests. Despite the Court's order and Enterprise's efforts, EEOC continues to stonewall, refusing to produce *any* individual claimant documents. *See* Dkt. 107. Enterprise now moves to compel with respect to RFP Nos. 1–4 and 7–14 in its Second Request for Production. *See* Ex. A.[1]

## I. EEOC's Undue Burden Objections (RFP Nos. 1–4 and 7–14).

EEOC's blanket burden objections fail to comply with the Court's discovery order requiring "specific information demonstrating how the request is overly burdensome." Dkt. 38, at 4. Regardless, EEOC's burden objections are meritless. Courts routinely permit defendants to engage in significant individual discovery in ADEA collective actions. *See, e.g., Kaas v. Pratt & Whitney*, 1991 WL 158943, at *5 (S.D. Fla. Mar. 18, 1991) (permitting interrogatories and depositions of each plaintiff in 100-member ADEA action); *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (similar). EEOC is interviewing claimants individually and has confirmed so far that 229 have agreed to "actively participate" in this lawsuit. Dkt. 98, at 3. Requiring EEOC to collect a limited number of documents as part of that interview process does not impose an undue burden on either EEOC or the claimants.

## II. Documents Regarding Damages (RFP Nos. 1–4 and 13).

Enterprise moves to compel EEOC to produce the salary, job search, and damages-related documents outlined in the individual discovery plan, which Enterprise incorporates here. *See* Dkt. 107, at 11–12. EEOC intends to present evidence that Enterprise told some over-40 management trainee ("MT") applicants they were overqualified for the position. Ex. C. Their W-2s and job search efforts are relevant to show this entry-level position was a poor fit for their salary requirements or professional goals. These documents also relate to damages. EEOC objects to providing *any* documents responsive to RFP Nos. 1–4 and 11–13 on the basis that damages should be calculated by an expert on a class-wide basis. See Ex. A; Dkt. 107. That is not a valid basis to resist discovery— the "common paradigm" for resolving damage calculation disputes is to submit them to the Court

---

[1] EEOC objected to providing individual discovery based on its then-pending request for bifurcation (RFP Nos. 1–4, 10–14) and because Enterprise had not yet provided applicant data for 2022-2023, which it has now done (RFP Nos. 1–4, 10–13). Ex. A. These objections are moot.

1

*after discovery closes*. *Brewster v. City of L.A.*, 672 F. Supp. 3d 872, 1006 (C.D. Cal. 2023). Even if EEOC relies on an expert to present a damages calculation at trial, Enterprise is entitled to challenge that figure by presenting applicant evidence showing the expert's numbers are inflated. EEOC further objects to RFP No. 1 on the basis that it cannot provide its own damages calculations until it prepares its expert report, but it must produce factual documents *relevant* to that calculation as it obtains them.

**III.  Communications And Documents Regarding Enterprise Interviews (RFP No. 7).**

Enterprise seeks communications reflecting an applicant's experience interviewing for the MT position. EEOC plans to present testimony from witnesses who claim they were asked discriminatory interview questions. Ex. B. The applicants' contemporaneous communications could undermine that testimony by, e.g, placing those questions in context or suggesting that the applicant had a positive experience. While EEOC claims that it objected to this request based on relevance, *see* Dkt. 107, at 9, that relevance objection turned on the then-pending (now denied) motion on bifurcation. Ex. A, at 11. EEOC's only live objections concern undue burden, and its boilerplate objections again fail to comply with the Court's discovery order and on the merits. Indeed, EEOC admits that there is a "low likelihood" that most applicants possess responsive documents, Ex. A, at 11, meaning it will ***not*** be burdensome to conduct an ESI search for 50 claimants and supervise self-collection from the rest. *See* Dkt. 107, at 7. And while EEOC objects that these documents "are equally, if not more, available to Defendant," courts routinely reject that objection as meritless. *See, e.g.*, *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011). Enterprise does not, in any event, have access to applicants' communications with family or other third parties.

**IV.  Employment Performance Reviews And Disciplinary Actions (RFP Nos. 8–9).**

Documents relating to performance reviews and disciplinary actions are relevant. Enterprise's job application asks applicants whether they were discharged for reasons other than a workforce reduction, indicating that Enterprise considers prior employment information in hiring. *See* Ex. C. Applicants' documents may also corroborate assessments made by Enterprise—for example, if an applicant rejected for being tardy to the interview was terminated from a previous job for the same reason. They may reveal misconduct that would have prevented an applicant from being hired, supporting Enterprise's after-acquired evidence defense. *See* Dkt. 43, at 7; *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 385 (1995). And they shed light on applicants' credibility—if an applicant was previously fired for falsifying records, a jury would be less likely to believe that applicant's testimony. *See* Fed. R. Evid. 608(b). Enterprise is willing to limit these requests to performance reviews, disciplinary actions, or terminations from January 1, 2019 to present.

**V.     Documents Demonstrating Claimants' Birth Dates (RFP No. 10).**

The Court should compel EEOC to produce copies of a driver's license or other ID showing each applicant's actual date of birth. EEOC does not dispute that this information is central to its age discrimination claim or that applicants possess responsive documents. Instead, it objects based on burden and proposes that it provide an interrogatory response reflecting the results of third-party database research into applicant DOBs. Although EEOC has indicated it would spot-check these results with some claimants, it is unwilling to seek confirmation of actual age from *all* claimants or ask to see a copy of their ID. *See* Ex. A; Ex. D. This proposal is unacceptable to Enterprise because EEOC cannot verify the accuracy of birth dates "under oath," Fed. R. Civ. P. 33(b)(3), by relying on a third-party database, which may contain errors. Given the central importance of applicant ages to the ADEA claim, this Court should require EEOC to produce documents showing proof of age or, in the alternative, a verified interrogatory response based on EEOC's own review of government-issued IDs. Contrary to EEOC's claim, applicants surely "maintain" documents as basic as driver's licenses, birth certificates, or passports, making them "easy to find and produce." Ex. A, at 2. Claimants could, indeed, snap a photograph of their ID on their smartphone and send a copy to the email address EEOC has already set up to receive claimant documents. *See, e.g.*, Ex. E.

**VI.     Retirement And Medical Information (RFP Nos. 11–12).**

While EEOC has proposed providing retirement and medical information for a sample of only 50 claimants, this information is relevant as to all claimants. Applicants who have retired or soon will have reduced damages. Enterprise also has a legitimate, non-discriminatory interest in hiring managers who intend to remain with the company. As a compromise, Enterprise is willing to agree that the EEOC answer an interrogatory or produce documents sufficient to show class members who retired after January 1, 2019 or plan to retire in the next 3 years. Similarly, medical records, disability applications, or other documents sufficient to show any condition that would prevent an applicant from accepting or holding the MT job are relevant, as Judge Damian suggested at the May 2 hearing. Ex. A. EEOC has indicated that it will present testimony from applicants who claim they were asked if they could perform the physically demanding MT position, which requires standing for long periods and washing cars. Enterprise must be able to argue that applicants were unable to perform it.

**VII.     Other Discrimination Complaints By Applicants (RFP No. 14).**

Other claims of discrimination made by MT applicants are relevant to credibility. *See, e.g.*, *Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 WL 1627020, at *4 (M.D. Fla. June 6, 2006). Enterprise has limited this request to applicants on whose testimony or interrogatory responses EEOC will rely.

3

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and Magistrate Judge Augustin-Birch's Order Setting Discovery Procedures, Enterprise certifies that counsel for the parties conferred by videoconference on April 5, 2024, April 22, 2024, May 15, 2024, May 17, 2024, and May 20, 2024, and were unable to resolve the issues raised in this motion.

Dated: Fort Lauderdale, Florida
       May 24, 2024

Respectfully submitted,

By: */s/ Megan L. Janes*
Steven A. Siegel
Florida Bar No. 497274
ssiegel@fisherphillips.com
Megan L. Janes
Florida Bar No. 99009
mjanes@fisherphillips.com
FISHER PHILLIPS LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4447
Telephone:  954.847.4724

-and-

Jason C. Schwartz (*pro hac vice*)
Katherine Moran Meeks (*pro hac vice*)
Alex Bruhn (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  202.955.8242
jschwartz@gibsondunn.com

*Attorneys for Defendant Enterprise Leasing Company of Florida, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a copy to all counsel of record.

<em>/s/ Megan L. Janes</em><br>
Megan L. Janes