# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 0:23-cv-61744**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

            Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC,

            Defendant.

_____/

**<u>EEOC'S RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION</u>**

      EEOC responds to Defendant's Second Request for Production based on the best of its present knowledge, information, and belief. EEOC reserves the right to supplement or amend these responses upon, among other things, discovery of additional facts and materials and subject to other developments or proceedings in this action, including the joining of additional class members. In compliance with the Court's Order Setting Discovery Procedures, EEOC conferred with Defendant on April 5, 2024 in an attempt to narrow the scope of requests that EEOC has objected to as irrelevant, unduly burdensome, overly broad, and/or disproportionate to the needs of the case.

## EEOC'S RESPONSES

**General Objection to Request Nos. 1-14:**  EEOC has objected to producing documents from the 450+ applicants (estimated to be at least 650 individuals) as unduly burdensome and not proportional to the needs of the case as set forth in response to specific Requests for Production. The burden of collecting responsive information from 450+ claimants far outweighs the potential benefit to either party.  Nonetheless, Defendant has requested responsive documents from each claimant, to include a supervised search of each claimant's electronically stored information.

The claimants in this case are situated throughout the state of Florida (and some outside the state). For EEOC to contact each claimant and collect the documents responsive to each of Defendant's requests, would be substantially burdensome. Unlike an employer, individual claimants do not always maintain documents (W2s, contracts, resumes, applications, benefits/ salary information, etc.), in an organized manner that makes them easy to find and produce. EEOC would be tasked with communicating with each of the 450+ claimants regarding what documents may be responsive, assisting in the location of such documents (claimants often do not know where/ how to obtain old W2s, for example), assisting with the digitization of such documents as needed or collecting and producing hard copies, then supervising the collection, review, and production of such documents for 450+ people. That is a substantial burden.

More specifically regarding collection of ESI, unlike an employer, that can utilize e-discovery software to collect, search, de-duplicate, review, and produce ESI from all of its employees under one umbrella, EEOC would need to individually contact each claimant, determine each claimant's sources of ESI, obtain access to all of those sources of ESI separately (it is not clear logistically how this would be completed), collect the responsive documents via email or in-person, then gather, review, and produce documents from all 450+ claimants. Unlike Defendant, which is likely only searching one work-related email account per custodian, EEOC would conceivably be required to search many devices and sources of ESI per claimant.

This substantial burden is not supported by the potential for discovery of relevant information. For most claimants, their interaction with Defendant consisted of scheduling and attending an interview or two. Defendant is already in possession of all such communications. Claimants' communications with third parties regarding the interview process are likely limited and hold limited relevance. Further, and as EEOC has noted in its specific objections, Defendant

is already in possession of the information it collected from applicants and on which it based its employment decision. Thus, the potential relevance of the requested information is limited.

Where applicable, EEOC has attempted to propose options for narrowing such requests to reach a better balance of burden and relevance.

1. **All documents concerning any damages or injuries for which EEOC seeks recovery in this lawsuit, including documents demonstrating or supporting EEOC's claimed damages.**

**RESPONSE**: To the extent this request encompasses documents from class members, EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate backpay on a class-wide basis, which would make individual damages documents from at least 450+ individuals not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating backpay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC objects to the extent that this request would require EEOC to reproduce documents that Defendant has produced in litigation.  For example, EEOC's damages calculations will be based upon application data produced by Defendant in the litigation as well as payroll data Defendant produces.  EEOC does not intend to reproduce these documents.

EEOC objects to the extent that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to the extent it requests "all" documents relevant to damages.  For example, every pay stub, bank statement, tax return, etc. of each of the 450+ individuals could conceivably relate to damages, but such

information is clearly unnecessary any calculation of damages, even if damages are calculated on an individual basis.

Further, EEOC objects because EEOC's calculation of damages depends on the identification of class members and the statistical analysis that will be completed by EEOC's expert and EEOC cannot produce such information until Enterprise has provided all applicant data and at the time of expert reports. Subject to its objections, and assuming discovery is not bifurcated and the Court agrees to a class-wide calculation of damages, EEOC will provide its damages calculations with its expert report. EEOC has also provided additional proposals in the more specific Requests for Production identified below.

**2. All documents concerning any claimed damages or injuries experienced by each allegedly aggrieved applicant on whose behalf EEOC seeks relief in this lawsuit.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate backpay on a class-wide basis, which would make individual damages documents from 450+ individuals not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating backpay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

EEOC objects to the extent that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant to the extent it requests "all" documents relevant to damages. For example, every pay stub, bank statement, tax return, etc. of each of the 450+ individuals could conceivably relate to damages, but such information is clearly unnecessary to the calculation of damages, even if damages are calculated on an individual basis. Even if individual discovery is ordered, EEOC will not produce documents containing information duplicative of W-2s.

If and when Enterprise produces applicant data and the Court orders that individual damages calculations are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC would propose producing W-2s from the date of application to the present (or an earlier date to the extent back pay is cut off by a higher paying subsequent job or the parties agree to an relevant end date for back pay calculations), from 50 randomly selected allegedly aggrieved applicant on whose behalf EEOC seeks relief in this lawsuit and using that information and documents to calculate damages. Such a proposal would provide an adequate sample for calculating damages but would be less burdensome and more proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's proposed narrowing but did not reach agreement.[1]

3. **Documents sufficient to show all jobs or employment held by each allegedly aggrieved applicant from January 1, 2019 to present, including any self-employment or contracts or services performed as an independent contractor. These documents should reflect income from such other employment, positions, or businesses; employment contracts; hours spent performing services; and start and end dates of any such employment, position, or contracting relationship.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

---

[1] To the extent EEOC and Defendant agree to proceed with a process of collecting documents and information from 50 randomly selected allegedly aggrieved applicants, EEOC proposes that the same set of 50 people be used for each of the requests herein.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate backpay on a class-wide basis, which would make individual qualifications and damages documents not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating backpay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the documents are not relevant or proportional to the needs of the case to the extent that they seek documents prior to the date of an individual's application with Defendant.  For example, if an applicant applied in 2023, his or her employment records from 2019-2022 are not relevant.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects to producing employment contracts and other documents to the extent there is other evidence showing employment held. For example, if an applicant has a W-2 or 1099 for a particular position, then employment contracts, work schedules, or similar documents are not relevant and are unduly burdensome to collect.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because it asks EEOC to produce documents from 450+ class members reflecting income from such other employment, positions, or businesses; employment contracts; hours spent performing services; and start and end dates of any such employment, position, or contracting relationship, which goes beyond what is relevant

or proportional for a calculation of damages. EEOC conferred with Enterprise on April 5, 2024 regarding a less burdensome means of obtaining the requested information and suggested that EEOC would be willing to answer an interrogatory directed to a random sample of 50 class members, should Defendant issue one, providing job titles, dates of employment, and wage and benefit information as to the class member's employment after their unsuccessful application to Enterprise up to the present (or an earlier date to the extent back pay is cut off by a higher paying subsequent job or the parties agree to an relevant end date for back pay calculations), but did not reach agreement.

**4. All documents concerning any effort by each allegedly aggrieved applicant to obtain work or employment with any person or entity other than Enterprise from January 1, 2019 to present. These documents should include, without limitation, employment applications, resumes, cover letters, notes, interview offers, employment offers, and rejection letters.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from an estimated 650 individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which would make individual damages documents (including documents related to mitigation efforts) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because it asks EEOC to produce documents from 450+ class members concerning any effort to obtain work or employment, including all employment applications, resumes, cover letters, notes, interview offers, employment offers, and rejection letters. If an applicant applied on January 1, 2023, his or her efforts to obtain employment from 2019-2022 are not relevant.  Likewise, resumes, cover letters, notes, interview offers, and rejection letters are not relevant.   What matters is that the applicant attempted to mitigate his or her damages.

EEOC conferred with Enterprise on April 5, 2024 regarding a less burdensome means of obtaining the requested information regarding mitigation efforts and suggested that EEOC would be willing to answer an interrogatory directed to a random sample of 50 class members, should Defendant issue one, providing job search efforts of the class members following their unsuccessful application to Enterprise through present (or an earlier date to the extent back pay is cut off by a higher paying subsequent job or the parties agree to an relevant end date for back pay calculations), including where they applied, approximate application date, dates of interviews, and whether they received an employment offer but did not reach agreement.

**5. All documents concerning any claims for unemployment insurance benefits made by or on behalf of each allegedly aggrieved applicant from January 1, 2019 to present.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which

would make individual damages documents (including documents related to mitigation efforts) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is unduly burdensome and disproportionate to the needs of the case given the irrelevance of the information requested.  In the Eleventh Circuit, "a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1310 (11th Cir. 2020). The collateral source rule has been applied to "employer-tortfeasors," *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980), and specifically to employment disputes, *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1550–51 (11th Cir. 1983), to disallow set-off of benefits received by employee from a collateral (or third-party) source. Thus, information regarding each class member's unemployment benefits is not relevant to the case and collecting such irrelevant information from 450+ individuals would be unduly burdensome and disproportionate to the needs of the case. EEOC and Enterprise conferred on April 5, 2024 regarding EEOC's objections, but were unable to reach agreement.

**6. All documents concerning any pension, retirement, or veteran's benefits sought or received by each allegedly aggrieved applicant from January 1, 2019 to present.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from an estimated 450 individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant

conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which would make individual damages documents (including documents related to mitigation efforts) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay and did not reach agreement, but agreed to continue conferring on the issue.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is unduly burdensome and disproportionate to the needs of the case given the irrelevance of the information requested. In the Eleventh Circuit, "a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1310 (11th Cir. 2020). The collateral source rule has been applied to "employer-tortfeasors," *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980), and specifically to employment disputes, *Brown v. A.J. Gerrard Mfg. Co.*, 715 F.2d 1549, 1550–51 (11th Cir. 1983), to disallow set-off of benefits received by employee from a collateral (or third-party) source. Thus, information regarding each class member's pension, retirement, or veteran's benefits is not relevant to the case and collecting such irrelevant information from 450+ individuals would be unduly burdensome and disproportionate to the needs of the case. EEOC and Enterprise conferred on April 5, 2024 regarding EEOC's objections, but were unable to reach agreement.

**7. All documents and communications concerning each allegedly aggrieved applicant's experience applying for any position with Enterprise from January 1, 2019 to present, including documents or communications concerning the application, the interview process, the applicant's desire to work at Enterprise, and any feedback given by Enterprise.**

**RESPONSE:** EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that individual issues should be addressed at Stage Two of this litigation. If EEOC's Motion for Bifurcation is granted, EEOC would confer with Defendant regarding the possibility of collecting this information from all or a sample of Stage One Class Members. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC objects to the extent that Defendant seeks communications and documents exchanged between the applicant and Defendant, as the documents are equally, if not more, available to Defendant. Defendant has already advised EEOC that these documents exist within its iCIMS database. As such, collecting the documents from 450+ individuals would be unduly burdensome and disproportionate to the needs of the case, particularly where Defendant has these in one place and has equal access to them.

EEOC further objects in that the request is unduly burdensome and not proportional to the needs of the case with respect to communications class members may have had with third parties on any format, including email, text messaging, WhatsApp, and social media messaging on Facebook, Instagram, LinkedIn, Snapchat, and other messaging applications; the burden of looking for and collecting such documents and communications from 450+ people, particularly where Defendant has objected to self-collection, compared to the low likelihood that individuals have such documents and communications in a hiring case where an individual's sole contact with Defendant may have consisted of not more than an email and a ten-minute interview, makes the request unduly burdensome and disproportionate to the needs of the case. EEOC and Enterprise conferred on April 5, 2024 and discussed options including having a sample of 50 class members self-collect and/or self-search for responsive documents on cell phones and email may help relieve the burden of this request, but Enterprise was not amenable to such solution.

**8. Copies of all performance reviews or evaluations given to each allegedly aggrieved applicant at all current and former places of employment from January 1, 2017 to present.**

**RESPONSE**: EEOC objects to the extent Defendant seeks performance reviews and evaluations for each individual class member from 2017 to the present as not relevant, unduly burdensome, and disproportionate to the needs of the case. Defendant already has all of the information it considered in making its decisions not to hire individual class members (including any resumes, applications, references, interview notes, or other documents or information it considered at the time of application). Thus, for example, the fact that a class member had a positive, or negative, performance evaluation in 2017, and then applied for employment with Defendant in 2023, is simply not relevant – what matters is the information Defendant actually had when making its decision at the time of application.

More specifically, the factual issue at trial will be what Defendant knew about the potential employee at the time of the alleged discrimination, not whether shortcomings surfaced at earlier or subsequent jobs. Given that the documents are of minimal to no relevance, and the burden associated with collecting such documents and information, EEOC asserts that the request is not proportional to the needs of the case. Defendant's request appears to be more of a fishing expedition – looking for possible negative information about 450+ people without any basis. EEOC also objects to the extent the request seeks documents not in the possession, custody, or control of EEOC or class members. EEOC also objects to the date range of the request as burdensome and not proportional to the needs of the case, as the class period covers 2019 through 2023.

EEOC and Enterprise conferred regarding EEOC's objections on April 5, 2024, but were unable to reach an agreement.

**9. All documents relating to any disciplinary action, demotion, transfer, termination, or dishonorable discharge of each allegedly aggrieved applicant, in all current and former places of employment from January 1, 2017 to present.**

**RESPONSE**: EEOC objects to the extent Defendant seeks all disciplinary action for each individual class member from 2017 to the present as not relevant, unduly burdensome, and disproportionate to the needs of the case. Defendant already has all of the information it considered in making its decisions not to hire individual class members (including any resumes, applications, references, interview notes, or other documents or information it considered at the time of application). Thus, for example, the fact that a class member was disciplined or demoted from a

job in 2018 and then applied for employment with Defendant in 2022 is irrelevant– what matters is the information Defendant actually had when making its decision at the time of application.

More specifically, the factual issue at trial will be what Defendant knew about the potential employee at the time of the alleged discrimination, not whether shortcomings surfaced at earlier or subsequent jobs. Given that the documents are of minimal to no relevance, and the burden associated with collecting such documents and information, EEOC asserts that the request is not proportional to the needs of the case. Defendant's request appears to be more of a fishing expedition – looking for possible negative information about 450+ people without any basis. EEOC also objects to the extent the request seeks documents not in the possession, custody, or control of EEOC or class members. EEOC also objects to the date range of the request as burdensome and not proportional to the needs of the case, as the class period covers 2019 through 2023.

EEOC and Enterprise conferred regarding EEOC's objections on April 5, 2024, but were unable to reach an agreement.

**10. Copies of each allegedly aggrieved applicant's current driver's license, passport, or other government-issued document sufficient to show the applicant's date of birth.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that individual qualifications are relevant at this stage of the litigation, EEOC objects that the request is disproportionate to the needs of the case. EEOC conferred with Enterprise on April 5, 2024 regarding a less burdensome

means of obtaining the requested information and suggested that EEOC would be willing to answer an interrogatory providing the date of birth of all class members should Defendant issue one.

**11. All documents reflecting actual or planned retirement dates for each allegedly aggrieved applicant.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which would make individual damages documents (including documents related to class members retiring from the workforce) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay but did not reach agreement.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

If Enterprise produces applicant data and the Court orders that documents regarding individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is disproportionate to the needs of the case insofar as Defendant has rejected applicant self-collection as a means of collecting relevant and responsive ESI. EEOC conferred with Enterprise on April 5, 2024 regarding a less burdensome means of obtaining the requested information and suggested that EEOC would be willing to answer an interrogatory directed to a random sample of 50 class

members, should Defendant issue one, indicating which class members retired from work altogether between January 1, 2019 through present.

**12. Documents sufficient to show any physical or mental illness, injury, or medical condition that has in any way limited each allegedly aggrieved applicant's ability to obtain or maintain employment from January 1, 2019 to present, including any applications for Social Security, workers' compensation, or disability benefits.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which would make individual damages documents (including documents related to class members retiring from the workforce) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

EEOC objects to the time period of January 1, 2019 to the present for all class members as not relevant and not proportional to the needs of the case. If a claimant applied on January 1, 2023, his or her medical condition in 2019 is not relevant. To the extent the court orders production of documents or information, it should be limited to the time of application going forward.

If Enterprise produces applicant data and the Court orders that individual qualifications and damages calculations are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request seeks irrelevant information, is

unduly burdensome, and is not proportionate to the needs of the case. Class members' medical records are highly personal and private and are not relevant to the question of whether a class member was discriminated against based on age. EEOC conferred with Enterprise on April 5, 2024 regarding a less burdensome means of obtaining information regarding whether class members were unable to work during the relevant time period for purposes of damages and mitigation calculations and EEOC suggested that it would be willing to answer an interrogatory directed to a random sample of 50 class members, should Defendant issue one, documenting, for each class member, any period of time from the date of application to present that such class member was unable to work due to a medical condition, but the parties were unable to reach an agreement.

**13. Copies of all Form W-2s and Form 1099s received by each allegedly aggrieved applicant from January 1, 2019 to present.**

**RESPONSE**: EEOC objects that this request is unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from 450+ individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC also objects that the request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant until the parties and Court determine the appropriate method of calculating backpay in this litigation. As set forth in EEOC's initial disclosures, EEOC proposes that the parties calculate back-pay on a class-wide basis, which would make individual damages documents (including documents related to class members retiring from the workforce) not relevant or proportional to the needs of the case. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for reaching an agreement on the method of calculating back-pay but did not reach agreement.

EEOC further objects that identification of responsive documents is dependent on the identification of all class members. Because Enterprise has not yet produced applicant data, EEOC has been unable to identify all class members. EEOC cannot produce documents from individuals it has not yet identified.

EEOC objects to the time period of January 1, 2019 to the present for all applicants as not relevant and not proportional to the needs of the case.  If an applicant applied on January 1, 2023, his or her W-2s and 1099s from 2019-2022 are not relevant. To the extent the court orders production of documents or information, it should be limited to the time of application going forward.

If Enterprise produces applicant data and the Court orders that individual qualifications and damages are relevant at this stage of the litigation and that damages should be calculated on an individual basis, EEOC objects that the request is unduly burdensome and proposes providing Form W-2s and 1099s for a random sample of 50 class members with the understanding that such documents will be obtained by the individual class members themselves and sent to the EEOC for production. Responsive documents will be produced as to the date an applicant applied through the present (or an earlier date to the extent back pay is cut off by a higher paying subsequent job or the parties agree to a relevant end date for back pay calculations). EEOC and Defendant conferred on April 5, 2024 to discuss this issue but did not reach agreement.

**14. All documents concerning any other allegation of discrimination made by any allegedly aggrieved applicant against any person, including but not limited to other employers, since January 1, 2019.**

**RESPONSE**: EEOC objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and seeks information that is not relevant in light of EEOC's pending motion for bifurcation. EEOC's position, as set forth in detail in the motion, is that collecting documents regarding individual qualifications and damages from an estimated 450 individuals should be delayed until there has been a finding on class-wide liability. EEOC and Defendant conferred on April 5, 2024 to discuss EEOC's objections and the potential for delaying discovery responses until after the Court rules on the motion for bifurcation but did not reach agreement.

EEOC objects to the extent that Defendant wants EEOC to disclose the filing of a charge of discrimination against another employer.  EEOC cannot disclose such information as it is confidential.

EEOC objects that the request seeks information that is not relevant and is thus, unduly burdensome and not proportionate to the needs of the case. Whether class members made other claims of discrimination is not relevant to the question of whether they experienced discrimination from Defendant. This is particularly true in an EEOC ADEA case where the class members have not initiated the litigation or even opted-in to the lawsuit. Further, EEOC cannot disclose the

identity of employers that have received charges of discrimination. EEOC conferred on this issue on April 5, 2024 but did not reach agreement.

**15. An electronic database (i.e., Excel file) listing the date of birth (month and year), college graduation year, and law school graduation year of every individual who submitted an application for a position in the EEOC Attorney Honors Program between January 1, 2019 and December 31, 2023. EEOC may anonymize the names of applicants (e.g., through an identifying number) to protect their privacy.**

**RESPONSE**: EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide applicant data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices of attorneys are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request to the extent that it requests information that is not electronically maintained as an electronic database with the fields requested. If ordered to produce this information, EEOC would produce documents as they are kept in the ordinary course of business.

**16. An electronic database (i.e., Excel file) listing the date of birth (month and year), college graduation year, and law school graduation year of every individual hired for a position in the EEOC Attorney Honors Program between January 1, 2019 and December 31, 2023. EEOC may anonymize the names of hired employees (e.g., through an identifying number) to protect their privacy.**

**RESPONSE**: EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide hiring data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices of attorneys are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request to the extent that it requests information that is not electronically maintained as an electronic database with the fields requested. If ordered to produce this information, EEOC would produce documents as they are kept in the ordinary course of business.

**17. An electronic database (i.e., Excel file) listing the date of birth (month and year) and latest graduation year of every individual who submitted an application for a position in the EEOC Pathways Recent Graduates or Presidential Management Fellows Programs between January 1, 2019 and December 31, 2023. EEOC may anonymize the names of applicants (e.g., through an identifying number) to protect their privacy.**

**RESPONSE**: EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide applicant data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request to the extent that it requests information that is not electronically maintained as an electronic database with the fields requested. If ordered to produce this information, EEOC would produce documents as they are kept in the ordinary course of business. EEOC objects to the extent documents regarding the Presidential Management Fellows Program are not in EEOC's custody, possession, or control.

**18. An electronic database (i.e., Excel file) listing the date of birth (month and year) and latest graduation year of every individual hired for a position in the EEOC Pathways Recent Graduates or Presidential Management Fellows Programs between January 1, 2019 and December 31, 2023. EEOC may anonymize the names of hired employees or fellows (e.g., through an identifying number) to protect their privacy.**

**RESPONSE:** EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide applicant data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request to the extent that it requests information that is not electronically maintained as an electronic database with the fields requested. If ordered to produce this information, EEOC would produce documents as they are kept in the ordinary course of business. EEOC objects to the extent documents regarding the Presidential Management Fellows Program are not in EEOC's custody, possession, or control.

19. **Documents sufficient to show the percentage of individuals hired into the EEOC Attorney Honors Program from any EEOC internship program, including but not limited to the EEOC Pathways Internship Program.**

**RESPONSE:** EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide hiring data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement.Documents sufficient to show the percentage of individuals hired into the EEOC Pathways Recent Graduates and Presidential Management Fellow Programs from any EEOC internship program, including but not limited to the EEOC Pathways Internship Program.

20. **Documents sufficient to show the percentage of individuals hired into the EEOC Pathways Recent Graduates and Presidential Management Fellow Programs from any EEOC internship program, including but not limited to the EEOC Pathways Internship Program.**

**RESPONSE**: EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide hiring data of EEOC and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope. EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement.  EEOC objects to the extent documents regarding the Presidential Management Fellows Program are not in EEOC's custody, possession, or control.

21. **All promotional materials or public statements issued by EEOC regarding the EEOC Attorney Honors Program between January 1, 2019 and December 31, 2023.**

**RESPONSE**: EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide promotional materials and public statements and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope--EEOC could conceivably search the email of every employee to see if they made a statement to someone outside the agency that EEOC

was hiring for its Attorney Honors Program.  EEOC objects to the extent Defendant has equal access to publicly available statements issued by EEOC on public websites, social media accounts, etc.

**22. All promotional materials or public statements issued by EEOC regarding the EEOC Pathways Recent Graduates and Presidential Management Fellows Programs between January 1, 2019 and December 31, 2023.**

**RESPONSE**: EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks nationwide promotional materials and public statements and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope--EEOC could conceivably search the email of every employee to see if they made a statement to someone outside the agency that EEOC was hiring for the Pathways Recent Graduates and Presidential Management Fellows Programs. EEOC objects to the extent Defendant has equal access to publicly available statements issued by EEOC on public websites, social media accounts, etc. EEOC objects to the extent documents regarding the Presidential Management Fellows Program are not in EEOC's custody, possession, or control.

**23. Copies of all interview questions used to interview applicants to the EEOC Attorney Honors Program between January 1, 2019 and December 31, 2023.**

**RESPONSE**: EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks interview questions used in all interviews nationwide and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope.

24. **Copies of all interview questions used to interview applicants to the EEOC Pathways Recent Graduates and Presidential Management Fellows Programs between January 1, 2019 and December 31, 2023.**

**RESPONSE**: EEOC objects to this request on the basis that the request is overbroad, unduly burdensome, and disproportionate to the needs of the case because the documents requested are not relevant. EEOC's hiring practices are not at issue in this litigation. EEOC and Defendant conferred regarding EEOC's objections on April 5, 2024, but did not reach agreement. EEOC objects to this request as overbroad, unduly burdensome, and not relevant to the extent it seeks interview questions used in all interviews nationwide and is not limited to any particular person or EEOC office, and it has an unlimited geographic scope.

Dated: April 9, 2024

s/ Carter M. Sox
CARTER M. SOX
Trial Attorney
Florida Bar No. 116907
Carter.sox@eeoc.gov
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
(786) 648-5851

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of April, 2024, I emailed the foregoing document to counsel of record for Defendants.

*s/ Carter M. Sox*
Carter M. Sox