# EXHIBIT D

| | |
|---|---|
| **From:** | Meeks, Katherine Moran |
| **To:** | CARTER SOX [she/her/hers]; Megan L. Janes - Fisher Phillips (mjanes@fisherphillips.com); Bruhn, Alex; Schwartz, Jason C.; Steven A. Siegel - Fisher Phillips (ssiegel@fisherphillips.com) |
| **Cc:** | TOUSSAINT CUMMINGS; KRISTEN M. FOSLID |
| **Subject:** | RE: Follow Up to 4/22 Conferral |
| **Date:** | Thursday, April 25, 2024 8:54:10 AM |
| **Attachments:** | image001.png |

Carter,

Thank you for your time at Monday's discovery conference, at which we discussed the following issues.

EEOC's Objections to Enterprise's Second Request for Production

*First*, we asked whether the EEOC is collecting and preserving documents responsive to Enterprise's Second Request for Production while the EEOC's motion for reconsideration remains pending. The EEOC responded that it is not treating the motion for reconsideration as a stay, but it is not collecting documents at this time because it has lodged independent objections to all of Enterprise's RFPs. If the EEOC is not relying on the reconsideration motion as an independent basis to object, then we request that the EEOC withdraw its objection that requests No. 1–7 and 10–14 are "not relevant in light of EEOC's pending motion for [reconsideration of the district court's order denying] bifurcation." Please confirm in writing that you will do so.

As to the EEOC's representation that it is not collecting documents while its other objections remain pending, Enterprise expects that the EEOC will be prepared to promptly make a production in response to Enterprise's Second Request for Production once the EEOC's objections are resolved by agreement between the parties or by order of the Court.

*Second*, the EEOC confirmed that, among the "450+" applicants it has identified to date, 217 have agreed to participate in discovery. The EEOC further confirmed that it has attempted to reach all "450+ applicants" identified to date, and that the remainder either could not be located or declined to cooperate with the EEOC's lawsuit. We asked you to identify, by name, which applicants could not be located and which ones have declined to participate. You took the position that these individuals remain part of the EEOC's asserted class and that you would offer them the opportunity to collect damages when and if the EEOC prevails on its age discrimination claim. We strongly disagree with the EEOC's assertion that individuals who decline to cooperate during the discovery period are entitled any damages whatsoever. Please confirm that you will identify these applicants no later than **May 3**.

*Finally*, as we stated on the call, Enterprise will follow up with an additional letter identifying deficiencies in the EEOC's Responses and Objections to Enterprise's Second Request for Production.

Interrogatories

Thank you for confirming the EEOC will verify its interrogatory responses.

As you state below, the EEOC requested that it be permitted to respond to our RFP No. 10—which seeks a copy of a government-issued ID verifying each class member's date of birth—

by providing dates of birth in an interrogatory response.  The EEOC stated, however, that it would identify applicant dates of birth using a third-party database and would not be willing to confirm DOBs by asking claimants to show a copy of their government-issued photo ID to EEOC counsel.  The EEOC's proposal is not acceptable to Enterprise.  At the outset, we do not understand how the EEOC could verify the accuracy of the DOBs "under oath," Fed. R. Civ. P. 33(b)(3), when it is relying on information from a third-party database rather than its own records.  Furthermore, databases may contain errors.  Enterprise is entitled to discover the actual dates of birth of individual applicants, which are necessary to evaluate any statistical evidence presented by the EEOC.  *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) (noting that an employer may rebut government's prima facie pattern-or-practice evidence by showing it is "inaccurate or insignificant").  This information is in the possession of the EEOC's asserted "clients" and is not burdensome to produce.  One of them, indeed, appears to have voluntarily sent his military discharge records to the EEOC.  *See* **EEOC_0001561.**  Please confirm the EEOC will produce government-issued IDs for the 217 confirmed claimants by **May 10**, as we previously requested.

Improper Redactions

We briefly discussed the improper redactions I identified in my email of February 27 and my letter of April 11.  You confirmed that you would respond in writing and that you are working with your Lit Support department to search for documents the EEOC previously indicated it would produce without redactions or with fewer redactions—including the ARC activity logs that the EEOC heavily redacted in its initial production.  You also confirmed that you would re-produce such documents on or before **May 10**.

Initial Disclosures

The EEOC stated below that it would supplement its initial disclosures by May 3 to identify the 217 claimants confirmed to date.  The EEOC declined, however, to identify witnesses whose testimony it may rely on at trial for issues other than damages—including the "anecdotal evidence" of discrimination you have told the Court you intend to present.  Dkt. 34, at 3.  You stated on our call that, if the trial is not bifurcated, then the EEOC would not present anecdotal evidence from select witnesses, but would instead present all applicants to testify as to both discrimination and damages.  Putting aside whether this is realistic, the Court left open that either party could move for bifurcation of trial "after the completion of all discovery."  Dkt. 36, at 3.  The EEOC therefore has no basis to refuse to identify the individuals on whom it may rely for anecdotal evidence of discrimination in a bifurcated trial.  Enterprise needs to understand who these individuals are so it can decide which witnesses to depose.  Additionally, Enterprise may be willing to limit some of its document requests to these witnesses, but the parties cannot reach agreement on this issue if the EEOC refuses to identify them.  Please confirm the EEOC will provide this information on **May 3**.

Enterprise Response to EEOC Interrogatory No. 1

We confirmed on our Monday call that we are representing former employees David Danault and Anthony Bellina for purposes of this litigation.  These individuals should therefore be contacted only through counsel.

We also informed you that we would remove Mr. Danault from our response to Interrogatory No. 1 because he was employed at an airport location in Group 35 and did not participate in

MT hiring in that role during the relevant time period.  We will also remove Kevin Parsons from our interrogatory response for the same reason.

We do not plan to remove Mr. Bellina from our response to Rog No. 1.  We mentioned Mr. Bellina only to let the EEOC know we are representing him.

Protective Order

Enterprise sent the EEOC a draft protective order on February 22.  Over the past two-plus months, we have proposed multiple rounds of edits in an effort to address the EEOC's comments, including your request to deviate from the sealing procedure set forth in the Local Rules.  Please let us know by the end of the week whether you agree with our latest proposed edits so we can file the protective order as soon as possible.

Enterprise's Production of iCIMS Data

Enterprise has already complied with the Court's order to respond to RFP Nos. 1–3.  In fact, we produced responsive data on April 15—eleven days before the deadline in the Court's order.  After reviewing our production, the EEOC identified categories or fields you believed are missing from certain spreadsheets and asked us to re-produce the data.  This missing information appears to be previous employment history for applicants that we have produced in resume form.  We disagree that the production is in any way deficient but are willing to work with you to re-produce data to the extent necessary.  However, it is not reasonable or realistic to expect us to re-pull the data from iCIMS, review it, and make a new production four days after our Monday afternoon conference and three days after your follow-up email.  We are working on your request, as well as answers to your questions, and will promptly provide an update on expected timing.

Regards,


**Kate Meeks**
Partner

T: +1 202.955.8258 | M: +1 202.924.9650
KMeeks@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306

---

**From:** CARTER SOX [she/her/hers] <CARTER.SOX@EEOC.GOV>
**Sent:** Tuesday, April 23, 2024 11:48 AM
**To:** Meeks, Katherine Moran <KMeeks@gibsondunn.com>; Megan L. Janes - Fisher Phillips (mjanes@fisherphillips.com) <mjanes@fisherphillips.com>; Bruhn, Alex <ABruhn@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Steven A. Siegel - Fisher Phillips (ssiegel@fisherphillips.com) <ssiegel@fisherphillips.com>; Haddix, Maria <mhaddix@fisherphillips.com>