UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

    v.                               Case No. 23-cv-61744

ENTERPRISE LEASING COMPANY OF
FLORIDA, LLC,

                Defendant.

**DEFENDANT ENTERPRISE LEASING COMPANY OF FLORIDA, LLC'S
MOTION TO COMPEL REGARDING EEOC HIRING PROGRAMS**

Pursuant to Fed. R. Civ. P. 37(a)(3) and S.D. Fla. L.R. 26.1(g), defendant Enterprise Leasing Company of Florida, LLC moves to compel plaintiff EEOC to produce documents regarding EEOC hiring programs in response to Enterprise's Second Request for Production.

EEOC claims that Enterprise engaged in a pattern or practice of age discrimination in hiring for its management trainee ("MT") program in violation of the Age Discrimination in Employment Act ("ADEA"). Compl. (Dkt. 3) ¶¶ 1, 20–21. Because the complaint alleges that Enterprise's MT program is "geared towards" recent college graduates, *id.* ¶ 15, Enterprise requested that EEOC produce documents regarding similar entry-level programs EEOC uses to hire recent graduates. These requests seek EEOC marketing materials, hiring data, and interview questions that closely track the allegations in the complaint. EEOC asserts blanket objections that these document requests are (1) irrelevant because EEOC's "hiring practices are not at issue in this litigation" and (2) overbroad and unduly burdensome. *See* EEOC Resp. to RFP Nos. 15–24 (Ex. A).

**I.    EEOC's Undue Burden Objections (RFP Nos. 15–24).**

EEOC's boilerplate undue burden objections fail to satisfy the Court's requirement that such objections be "supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." Dkt. 38, at 4. EEOC asserts without explanation that Enterprise's requests are unduly burdensome because they seek "nationwide" documents with "unlimited geographic scope" and are "not limited to any particular person or EEOC office." *See* Ex. A. The agency fails to provide *any* of the specifics necessary to support a burden claim, such as the estimated number of responsive documents, details about where they are stored, or an explanation of the steps necessary or costs associated with collecting them. Given this complete lack of detail, Enterprise asked EEOC on May 15 to provide details supporting its burden objection or withdraw that objection. *See* Ex. B. On a May 20 meet and confer, EEOC was unable to describe any of the purported burdens associated with collecting these documents, claiming that it was still investigating the issue. EEOC's belated investigation makes clear that it had no basis for its burden objections when it served them. That is a far cry from the "specific" burden objection required under the Court's discovery order.

Nor could EEOC assert any legitimate burden objection. Presumably, the agency maintains electronic records related to its hiring programs, including the identities of applicants and individuals hired in the 2019 – 2023 period. *See* EEOC 2023 Annual Performance Report, https://www.eeoc.gov/2023-annual-performance-report (detailing that EEOC has "begun transitioning . . . to an all-electronic records management environment"). Nor is it overly burdensome

1

to request documents regarding EEOC's hiring for these programs nationwide. As EEOC's 2023 Annual Performance Report explains, the entire "agency was staffed with over 2,300 full-time permanent employees" in 2023. Only a small fraction of those 2,300 employees were hired through the Attorney Honors, Pathways Recent Graduates, and Presidential Management Fellows Programs. Therefore, even a nationwide request is of reasonable scope because it implicates a relatively limited number of hires and applicants. And EEOC's burden objection rings particularly hollow given that Enterprise has already produced data and supporting documents related to *thousands* of applicants to its MT programs over the relevant period.

## II.  Hiring Data (RFP Nos. 15–20).

EEOC's relevance objection to Enterprise's requests for data showing the ages of individuals who applied to, and were selected for, the EEOC's entry-level programs is meritless. EEOC has repeatedly represented that it plans to introduce a statistical analysis of Enterprise's hiring data to prove its pattern-or-practice claim. *See, e.g.*, Compl. ¶ 17, Dkt. 84, at 10. Given that EEOC is "the agency fighting unfair hiring practices," Enterprise seeks discovery into how hiring data for its own entry-level program stacks up against EEOC's hiring data for similar programs. *EEOC v. Freeman*, 2012 WL 3536752, at *2 (D. Md. Aug. 14, 2012) (permitting deposition regarding EEOC hiring processes "similar to those used by defendant"); *see also EEOC v. Kaplan Higher Educ. Corp.*, 2011 WL 2115878, at *4 (N.D. Ohio May 27, 2011) (similar). Indeed, if EEOC itself hires applicants under 40 for its entry-level programs more often than Enterprise does, that is especially powerful evidence that Enterprise's hiring for the MT program does not discriminate on the basis of age. *See, e.g.*, *EEOC v. Bloomberg L.P.*, 2010 WL 3260150, at *3 (S.D.N.Y. Aug. 4, 2010) (allowing discovery regarding EEOC employment practices that could "be probative of whether Bloomberg should have viewed [its] own practices as Title VII compliant or not"). Enterprise is entitled to discover this information, which will play a critical role in demonstrating that any statistical proof offered by the EEOC is "insignificant." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339 (1977).

## III.  Promotional Materials And Public Statements (RFP Nos. 21–22).

EEOC's promotional materials and public statements are plainly relevant. The complaint alleges that Enterprise "markets its management training program as a place to 'start your career' and 'get incredible opportunities to grow and take on new roles' thanks to Enterprise Florida's 'promote-from-within culture.'" Compl. ¶ 11. Yet EEOC advertises its own hiring programs to potential applicants using strikingly similar language. The webpage for the EEOC Attorney Honors Program, for example, describes it as "an exciting opportunity for qualified entry-level Attorneys and Law Clerks

2

and a pathway to career employment at the EEOC" and "a way to start a public service career." *See* Ex. C; *see also* Ex. D (Pathways Recent Graduates Program hires "are placed in a dynamic, developmental program with the potential to lead to a civil service career in the Federal government"). Documents regarding the EEOC's hiring practices are relevant to the agency's claim that Enterprise has engaged in discriminatory hiring. *See, e.g.*, *EEOC v. Freeman*, 961 F. Supp. 2d 783, 786 (D. Md. 2013) (citing EEOC's background check practices in granting employer summary judgment on agency's claim); *EEOC v. BMW Mfg. Co., LLC*, 2014 WL 12614419, at *2 (D.S.C. Dec. 9, 2014) (permitting discovery of EEOC hiring policies).

EEOC further objects "to the extent Defendant has equal access to publicly available statements issued by EEOC." Ex. A, at 20–21. But courts have "unambiguously stated that this exact objection" is "insufficient to resist a discovery request." *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) (overruling objection "that the information can be as easily obtained by the Plaintiff as by the Defendant"). Enterprise should not be required to trawl for these materials on social media or other web sites when they are readily accessible to the EEOC. Finally, EEOC speculates that these requests could entail a search of the "email of every employee to see if they made a statement to someone outside the agency." Ex. A, at 20–21. But EEOC's objection is meritless. These requests seek "promotional materials" and "public statements," not one-off emails to outside individuals.

### IV. Interview Questions (RFP Nos. 23–24).

EEOC's interview questions are also relevant. One of the complaint's few core factual allegations is that Enterprise's MT interview questions "are geared towards younger candidates" because they seek information about applicants' college majors, work during school, extracurriculars, and college experience. *See* Compl. ¶ 15. But it appears that EEOC considers similar information in hiring for its own entry-level programs. For example, the agency considers "academic achievement," "relevant . . . law courses," "law journal[s]," "legal aid and legal clinic experience," and "summer and/or part-time employment" in hiring for the EEOC Attorney Honors Program. Ex. C. If EEOC uses interview questions addressing these topics in its own hiring for entry-level positions, that supports Enterprise's argument that such questions are not evidence of age discrimination. *See, e.g.*, *Bloomberg*, 2010 WL 3260150, at *3.

## CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and Magistrate Judge Augustin-Birch's Order Setting Discovery Procedures, Enterprise certifies that counsel for the parties conferred by videoconference on May 17, 2024, and again on May 20, 2024, and were unable to resolve the issues raised in this motion.

Dated: Fort Lauderdale, Florida
       May 24, 2024

Respectfully submitted,

By: /s/ Megan L. Janes
    Steven A. Siegel
    Florida Bar No. 497274
    ssiegel@fisherphillips.com
    Megan L. Janes
    Florida Bar No. 99009
    mjanes@fisherphillips.com
    FISHER PHILLIPS LLP
    201 East Las Olas Boulevard, Suite 1700
    Fort Lauderdale, Florida 33301-4447
    Telephone: 954.847.4724

    -and-

    Jason C. Schwartz (*pro hac vice*)
    Katherine Moran Meeks (*pro hac vice*)
    Alex Bruhn (*pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5306
    Telephone: 202.955.8242
    jschwartz@gibsondunn.com

    *Attorneys for Defendant Enterprise Leasing Company of Florida, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a copy to all counsel of record.

*/s/ Megan L. Janes*
Megan L. Janes
