UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:23-cv-61744

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC,

        Defendant.
_____/

**EEOC'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL INDIVIDUAL CLAIMANT INFORMATION**

Enterprise's discovery requests impose a substantial burden on EEOC and individual claimants, while yielding very little (if any) relevant information. Enterprise is already in possession of all information and documents that could possibly justify its hiring decisions. Additional discovery from individual claimants *now* cannot justify the decision Enterprise made *at the time*. Thus, individual claimants hold little to no information that can affect liability. Enterprise's discovery requests seeking substantial documentation from *all claimants* are disproportionate.

I. **EEOC Clearly Articulated Undue Burden Objections.** EEOC articulated clear and specific reasons why collecting documents from *all 650 + claimants* is overly burdensome. *See* DE 112-1 (EEOC's Responses to Enterprise's Second RFP). Enterprise cites to *Kaas* and *Krueger* for the proposition that significant individual discovery is commonly permitted in ADEA class actions, but *Kaas* and *Krueger* are not *Teamsters* cases (the burden and relevance factors are different), did not concern discrimination in hiring (in which individual claimants have limited information), and were both substantially smaller class sizes than here. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986) (under *Teamsters,* individual discovery as to class members is rarely appropriate, and should not be used as a strategy to reduce class size).

II. **Documents Regarding Damages (RFP Nos. 1-4 and 13).** EEOC proposes that the Court calculate damages on a class-wide basis. *See, e.g.*, *EEOC v. O&G Spring & Wire Forms Specialty Co.*, 38 F.3d 872, 880 n.9 (7th Cir. 1994) ("To hold individualized hearings for 451 applicants to determine what they had earned when they were not employed at O&G would have been unreasonable"); *Pettaway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 261 (5th Cir. 1974) ("[W]hen the class size or the ambiguity of . . . hiring practices . . . continued over an extended period of time . . . a class-wide approach to the measure of back pay is necessitated."). In fact, Judge Damian anticipated a class-wide calculation of damages. *See* Ex. A, 33:20 – 34:3 ("I guess at the damages phase, if you have 400 plaintiffs, you have an expert just come up with numbers? . . . even at that stage you're not going to be marching in 400 plaintiffs to substantiate their damages."). Therefore, EEOC proposes that the Court resolve the issue of how to calculate damages *before* incurring the burden of collecting and producing individualized documents from all 650+ individual claimants.

III. **Communications and Documents Regarding Interviews (RFP No. 7)**. First, to the extent there are communications and documents between individual claimants and Enterprise, Enterprise is already in possession of those documents in a single centralized, easily searchable location. Having 650+ individual claimants reproduce those communications is unnecessarily

Page **1**

duplicative and burdensome.[1] Second, the potential relevance of communications between individual claimants and their friends and family after the interview with Enterprise is far outweighed by the burden of collecting ESI from 650+ claimants. As Judge Damian noted, "Even if this were just a straight-up discrimination claim, I don't' know how relevant it is[:] how comfortable I felt when I walked away from the interview[?] The question is: What did the employer consider in making its decision?" Ex. A, 38:2-6. Finally, the low likelihood that most applicants possess responsive documents does not lessen the burden of conducting a supervised ESI search of 50 claimants' ESI sources, plus overseeing a supervised self-collection of 600+ additional claimants. The burden of collection is not determined by the number of documents collected, but by the effort expended.

**IV.   Performance Reviews and Disciplinary Actions (RFP No. 8-9).** This Court should not compel 650+ claimants to produce their prior and current employment records because Enterprise hopes it may discover something damning to use against them (that it did not know at the time of hire). This is not relevant. *See EEOC v. Texas Roadhouse, Inc.*, 303 F.R.D. 1, 3 (D. Mass. 2014) ("the factual issue at trial will be what Texas Roadhouse knew about the potential employee at the time of the alleged discrimination"); *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360 (1995) (recognizing the employer "could not have been motivated by knowledge it did not have"). Indeed, after-acquired evidence "should not be used as an independent basis to initiate discovery." *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005); *see also Liles v. Stuart Weitzman*, LLC, No. 09-61448-CIV-COHN, 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010) (after-acquired evidence should not be used to independently initiate discovery about an employee's prior employment records). EEOC asks the Court to deny Enterprise its fishing expedition.

**V.   Documents Demonstrating Claimants' Dates Birth Dates (RFP No. 10)**

EEOC has provided Enterprise with the dates of birth ("DOB") of all claimants and will continue to do so. Collecting government issued IDs from each individual claimant is unduly burdensome when the information can be obtained through less burdensome means. EEOC is using a third-party vendor, LexisNexis – a reputable and reliable source – that relies on government IDs for its data.[2] EEOC's statistical analysis must necessarily rely on third party vendors for collection of DOB

---

[1] *Pepperwood* does not mandate a different outcome. *See, e.g.*, *U.S. Nutraceuticals LLC v. Cyanotech Corp.*, 2014 WL 1918040, at *2 (M.D. Fla. May 13, 2014). Here, the information is not simply available to Enterprise – it is actually in Enterprise's possession already.

[2] *See, e.g.*, *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 159 (S.D. Cal. 2019) (approving the use of LexisNexis to identify class members and summarizing cases holding the same).

information because the analysis depends on comparing the ages of all applicants, both hired and not hired, of which there are over fifteen thousand.

    **VI.**    **Retirement and Medical Information (RFP Nos. 11-12).** Actual or planned retirement dates are not relevant to liability or damages. If Enterprise did not hire an applicant because she discussed retirement, then Enterprise is already in possession of that information. If Enterprise learns *today* that a claimant retired six months after her application was denied at Enterprise, such information does not answer the question of whether Enterprise discriminated *at the time.* Nor should it affect damages. Enterprise's argument that retirement date should cut off damages relies on the premise that if a claimant retired six months after they were denied employment in the MT program, they would have retired six months after accepting the job had it been offered. Such a premise is not guaranteed or even likely. Accordingly, actual or planned retirement dates are far too speculative to affect liability or damages and are certainly not relevant enough to outweigh the substantial burden of collecting documents from 650+ claimants regarding their retirement plans.[3]

    Similarly, documents showing physical or mental illness, injury, or medical condition from January 1, 2019 through the present (which contain highly sensitive information) are not relevant to liability. If Enterprise denied someone the job due to a known inability to perform the essential functions, then Enterprise is already in possession of that information. Enterprise is not entitled to a fishing expedition through individuals' medical history in an attempt to justify its hiring decision *after the fact*. Finally, to the extent this information may be relevant to damages, it is far too speculative to warrant extensive and burdensome discovery. Due to the limited relevance of such information and the highly sensitive nature of medical documentation, the balance weighs in favor of **not** compelling 650+ individual claimants to produce this information.

    **VII.**    **Other Complaints of Discrimination.** Enterprise asks this Court to compel 650+ claimants to produce documents related to past instances of discrimination (that Enterprise was not aware of at the time) in the hopes that it might discover something it can use against the individual claimant. Litigious character is not a grounds for discovery and is particularly irrelevant here where the individual claimants did not initiate this lawsuit or even opt-in. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495 (7th Cir. 1998) (allowing discovery into employee's prior discrimination suits because the evidence established something other than the Plaintiff's propensity to sue his employers).

---

[3] This is another reason class-wide calculation of damages makes sense – no one needs to conduct an individualized assessment of each individual claimant's retirement plans.

Respectfully submitted this 4th day of June 2024,

*s/ Toussaint Cummings*
TOUSSAINT CUMMINGS
Trial Attorney
Florida Bar No.119877
Toussaint.cummings@eeoc.gov

CARTER M. SOX.
Trial Attorney
Florida Bar No. 116907
Carter.sox@eeoc.gov

KRISTEN FOSLID
Supervisory Trial Attorney
Florida Bar No.0688681
Kristen.foslid@eeoc.gov

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: 786-648-5851

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sends electronic notice to all counsel of record.

*s/ Toussaint Cummings*
TOUSSAINT CUMMINGS