## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

     v.

ENTERPRISE LEASING COMPANY OF
FLORIDA, LLC,

                Defendant.

Case No. 23-cv-61744

## DEFENDANT ENTERPRISE LEASING COMPANY OF FLORIDA, LLC'S
## REPLY IN SUPPORT OF ITS MOTION
## TO COMPEL INDIVIDUAL CLAIMANT INFORMATION

EEOC believes it should be able to take discovery from Enterprise without having to provide *any* individual discovery. But the Court already rejected EEOC's "rules for thee but not for me" approach and ruled that individual discovery is appropriate. EEOC's objections should be overruled.

EEOC has failed to provide "a statement (generally an affidavit) with specific information demonstrating how [Enterprise's] request[s] [are] overly burdensome," as required by this Court. Dkt. 38, at 4. While EEOC makes an unsupported assertion (at 2) that it will be unduly burdensome to collect documents from "650+ claimants," it has so far identified 229 who will "actively participate" in this suit. Dkt. 98, at 4. And EEOC offers no response to Enterprise's argument that it can easily collect documents from claimants as it interviews them individually. *See* Mot. 2.[1]

Damages documents should be produced now. *See, e.g.*, *EEOC v. Kim & Ted, Inc.*, 1995 WL 591451, at *3 (N.D. Ill. Oct. 3, 1995) (permitting discovery of class damages documents). Calculating damages on a class-wide basis is generally inappropriate. *See, e.g.*, *United States v. U.S. Steel Corp.*, 520 F.2d 1043, 1055 (5th Cir. 1975) (back pay computations "generally contemplate . . . a series of claimant-by-claimant trials"); *Munoz v. Bd. of Educ.*, 841 F. App'x 310, 312 (2d Cir. 2021) (class-wide calculation "is the exception, not the rule").[2] Regardless, EEOC's damages theory is not a basis to resist discovery because the proper time to determine a damages calculation method is after discovery closes. *See* Mot. 2–3. And EEOC does not dispute that, even if damages are calculated on a class-wide basis, Enterprise must be able to challenge EEOC's calculation with individualized evidence.

EEOC argues (at 3) that Enterprise cannot discover performance reviews and disciplinary information because it was unaware of them at the time of hiring and because the after-acquired evidence doctrine usually does not provide an independent basis for discovery. But it ignores that Enterprise also seeks this information because it may corroborate hiring decisions and bear on claimants' credibility. Courts routinely permit discovery for these purposes under the liberal relevance standard. *See, e.g.*, *EEOC v. Atlanta Bread Co. Int'l, Inc.*, 2007 WL 9700537, at *4 (S.D. Fla. Dec. 5, 2007); *EEOC v. O'Reilly Auto. Stores, Inc.*, 2020 WL 13547829, at *6 (M.D. Fla. Sept. 17, 2020).

---

[1]  EEOC cites *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986), for the proposition that individual discovery is "rarely appropriate." But *Cox* addressed whether absent Rule 23 class members who failed to respond to discovery could be dismissed from a Title VII action, not undue burden. And the Court already ruled that individual discovery is appropriate.

[2]  Neither of EEOC's cases addresses discovery, and both suggest that deciding a damages calculation method now is premature. *See EEOC v. O & G Spring & Wire Forms Specialty Co.*, 38 F.3d 872, 879 (7th Cir. 1994) (district court decided method of computing back pay after liability determination); *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 257 (5th Cir. 1974) (decision about class back pay "can be discerned" "[o]nce class-wide discrimination has been demonstrated").

1

EEOC fails to explain how it will be unduly burdensome for it to conduct an ESI collection of interview-related documents for 50 claimants and supervise collection for the rest. Indeed, EEOC could simply ask most claimants to collect and email documents to the inbox EEOC has already prepared for claimant document collection. *See* Ex. E. EEOC's objection to producing communications between claimants and Enterprise because they are "equally available" to Enterprise is meritless. *See Mayan v. Mayan*, 2017 WL 1426631, at *3 (M.D. Fla. Apr. 21, 2017).

EEOC asserts (at 3) that collecting government IDs demonstrating claimants' DOBs is unduly burdensome because it can obtain them through third-party vendor LexisNexis. But EEOC again fails to explain why it is unduly burdensome to collect (or review) a single readily available document confirming each claimant's DOB. While EEOC claims that LexisNexis is "a reputable and reliable source," it offers no evidence in support of that claim.[3] And whether EEOC will use a vendor to identify DOBs for applicants under age 40 for its statistical analysis is beside the point. Enterprise has a right to confirm that claimants on whose behalf EEOC seeks damages belong in the class at all.

Retirement and medical data are relevant to liability because they can corroborate hiring decisions based on applicants' inability to perform the MT position or likely short tenure with Enterprise. *See, e.g.*, Ex. F (indicating that discovery on "medical issues" would be relevant to liability); *EEOC v. Kovacevich "5" Farms*, 2007 WL 1599772, at *15 (E.D. Cal. June 4, 2007). And EEOC's claim (at 4) that retirement information is "too speculative" to be relevant to calculating damages is contrary to the case law and common sense, particularly because EEOC seeks front pay in the complaint. *See, e.g.*, *Lewis v. Fed. Prison Indus., Inc.*, 953 F.2d 1277, 1280 (11th Cir. 1992).

Finally, EEOC argues (at 4) that Enterprise may not seek claimants' past discrimination complaints because "[l]itigious character is not a grounds for discovery." But EEOC's cited case addressed the admissibility of evidence—not discovery. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 495 (7th Cir. 1998). What's more, *Gastineau* held that evidence of prior discrimination suits was *admissible* because it "cast[] doubt on the credibility" of the plaintiff's claim for damages. *Id.* Here, Enterprise seeks discovery regarding past discrimination claims by applicants on whose testimony or interrogatory responses EEOC will rely precisely because those claims are relevant to credibility.

---

[3]   Indeed, EEOC's cited case notes that courts accepted the use of LexisNexis data to identify class members in TCPA cases where it was "independently verified" by an expert. *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 159 (S.D. Cal. 2019). And LexisNexis itself confirms that "the public records and commercially available data sources used in [its age verification] reports may contain errors." https://risk.lexisnexis.com/products/instant-age-verify.

Dated:  Fort Lauderdale, Florida
       June 10, 2024

Respectfully submitted,

By: _/s/ Megan L. Janes_
    Steven A. Siegel
    Florida Bar No. 497274
    ssiegel@fisherphillips.com
    Megan L. Janes
    Florida Bar No. 99009
    mjanes@fisherphillips.com
    FISHER PHILLIPS LLP
    201 East Las Olas Boulevard, Suite 1700
    Fort Lauderdale, Florida 33301-4447
    Telephone:  954.847.4724

    -and-

    Jason C. Schwartz (*pro hac vice*)
    Katherine Moran Meeks (*pro hac vice*)
    Alex Bruhn (*pro hac vice*)
    GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5306
    Telephone:  202.955.8242
    jschwartz@gibsondunn.com

    *Attorneys for Defendant Enterprise Leasing*
    *Company of Florida, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of June 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a copy to all counsel of record.

<u>/s/ Megan L. Janes</u>
Megan L. Janes

4