# EXHIBIT F

```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
                       FORT LAUDERDALE DIVISION
                       CASE NO. 0:23-cv-61744-MD


U.S. EQUAL EMPLOYMENT OPPORTUNITY       Fort Lauderdale, Florida
COMMISSION,

               Plaintiff,               May 2, 2024

          vs.                           2:22 PM - 3:56PM

ENTERPRISE LEASING COMPANY OF FLORIDA,
LLC,

               Defendant.               Pages 1 to 65
_____
                      HEARING ON VARIOUS MOTIONS
                  BEFORE THE HONORABLE MELISSA DAMIAN
                      UNITED STATES DISTRICT JUDGE

APPEARANCES:


FOR THE PLAINTIFF:              Carter Sox, Esquire
                                Kristen Foslid, Esquire
                                Toussaint Cummins, Esquire
                                Equal Employment Opportunity
                                Commission
                                100 SE 2nd Street
                                Suite 1500
                                Miami, Florida 33131

FOR THE DEFENDANT:              Katherine Meeks, Esquire
                                Gibson, Dunn & Crutcher, LLP
                                1050 Connecticut Avenue, N.W.
                                Washington, D.C. 20036
```

```
 1   STENOGRAPHICALLY REPORTED BY:

 2                         PATRICIA BAILEY-ENTIN, FPR, RPR
                           Official Court Reporter before:
 3                         The Honorable Melissa Damian
                           United States District Court
 4                         U.S. Federal Courthouse
                           299 East Broward Boulevard
 5                         Fort Lauderdale, Florida 33301
                           (305) 523-5635
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | discovery.  They're going to be, again, continuing to seek |
| 2 | maximal discovery from us no matter what happens.  So this is a |
| 3 | question of whether we get reciprocal discovery in Phase 1. |
| 4 | THE COURT:  Right.  Because it does seem like Phase 1 |
| 5 | is more that the EEOC establishing your patterns and your |
| 6 | client's patterns and practices, but I agree you should be able |
| 7 | to question their statistical analysis.  You know, they've |
| 8 | prevailed on the motion to compel -- and you can sit down. |
| 9 | MS. MEEKS:  Okay. |
| 10 | THE COURT:  I may have some more questions. |
| 11 | MS. MEEKS:  Sure. |
| 12 | At Your Honor's convenience, we would be happy to |
| 13 | address Dardin restaurants as well. |
| 14 | THE COURT:  Well, you don't really have to because I'm |
| 15 | kind of leaning in your direction on this one.  I'm all for |
| 16 | efficiency.  I think what Judge Dimitrouleas was seeing is what |
| 17 | I'm seeing here, which is it's -- I don't know.  It just |
| 18 | doesn't seem to make sense to drag this out.  I don't think |
| 19 | it's necessarily efficient to split up discovery. |
| 20 | I may be more inclined to think that trial might make |
| 21 | sense because I do think that this kind of burden-shifting |
| 22 | framework that we see in Teamsters, it does make sense to try |
| 23 | liability and damages separately perhaps, but I'm not a big fan |
| 24 | of -- now we really are handicapping the defendant by, A, they |
| 25 | don't get to see everything you use to come up with your |

| | |
|---|---|
| 1 | original decisions on Phase 1, which I agree they shouldn't.  I |
| 2 | agree that's all your deliberative processes that they |
| 3 | shouldn't be able to see. |
| 4 | They should be able to attack your -- or pick apart |
| 5 | your Phase 1 case.  And I think that they're going to be a |
| 6 | little handicapped doing that if they can't dig a little deeper |
| 7 | on the individual members of the potential class to say, "Oh |
| 8 | that's all well and good that you found 400 people who didn't |
| 9 | get hired who happened to be over the age of 40, but now, you |
| 10 | know, half of them weren't even qualified:  25 percent of them |
| 11 | had medical issues that, you know, again, made them not |
| 12 | qualified." |
| 13 | I think it's a little too much of a handicap, and I |
| 14 | think it's inefficient.  And I think Judge Dimitrouleas's |
| 15 | decision on this makes sense to me. |
| 16 | Now, that being said, the reason I say it can be |
| 17 | revisited -- there is some window here for reconsideration, and |
| 18 | even he seemed kind of open to it, if you guys can find some |
| 19 | sort of a compromise. |
| 20 | I note that in one of the cases relied on -- I don't |
| 21 | know which side relied on it or if it was my law clerk that |
| 22 | relied on it, but in one of the cases the Court bifurcated yet |
| 23 | permitted the defendant to depose a certain number of the class |
| 24 | members.  It was like 15 class members.  That may not be enough |
| 25 | to satisfy what the defendant wants here, but I think we don't |

1    have to open Pandora's box, and even the defendant acknowledges
2    it's a bit much to expect them to depose every potential class
3    member.
4           Maybe there's a way to -- knowing that I agree with
5    Judge Dimitrouleas that discovery shouldn't be entirely phased,
6    maybe you guys can come up with some sort of a framework to
7    make this not overburdensome even for the defendant to try and
8    figure out who do we want to depose; what information do we
9    want.  Perhaps you can all can confer and agree "Okay, we, the
10   EEOC, agree to make a certain number of individuals available
11   to you, and those will be all the individuals who applied
12   during this time frame or this age range."
13          Come up with some criteria to find a narrower group of
14   individuals who maybe the defendants do want to depose and come
15   up with a limited amount of discovery regarding potential class
16   members that is your priority but, again, doesn't open
17   Pandora's box and ask the EEOC or require the EEOC to reach out
18   to all potentially 600 people.  I think that's just unwieldily
19   to have to reach out to all 600 people and say, "What were your
20   medical conditions at the time?  Give us all of your text
21   messages at the time."  That's a lot.
22          MR. CUMMINGS:  Your Honor, if I may, from what I'm
23   hearing, it sounds like the Court is open to bifurcating trial
24   but not discovery; is that correct?
25          THE COURT:  I am standing by Judge Dimitrouleas's order

C E R T I F I C A T E

- - -

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further, that I am not financially nor otherwise interested in the outcome of the action

Dated this 23rd day of May, 2024.

/s/ Patricia Bailey-Entin

_____

PATRICIA BAILEY-ENTIN, RPR, FPR