UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61744-DAMIAN/Augustin-Birch

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,
v.

ENTERPRISE LEASING COMPANY
OF FLORIDA, LLC,

      Defendant.
_____/

## ORDER APPROVING CONSENT DECREE

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Approval of Consent Decree, filed September 3, 2025, [ECF No. 178 (the "Motion")].

THE COURT has reviewed the Motion, the record, and the applicable law and is otherwise fully advised in the premises. For the following reasons, the Motion is due to be granted.

Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff"), filed this action on September 11, 2023, alleging that Defendant, Enterprise ("Defendant"), engaged in a pattern or practice of age discrimination by refusing to hire applicants aged 40 and over for management trainee positions in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). *See* Mot. ¶ 2. Following the filing of Plaintiff's Complaint, the parties litigated this matter and engaged in significant discovery efforts. *See id.* ¶ 4. On June 23, July 7, and July 29, 2025, the parties attended three lengthy, arms-length mediation sessions before private mediator Marlene Quintana. *See id* ¶ 5. After engaging in comprehensive settlement negotiations, the parties agreed to resolve this action

on the terms reflected in the executed Consent Decree, signed on August 27, 2025. *See id.*, Ex. A [ECF No. 178-1].

In the Eleventh Circuit, the district court must review a proposed consent decree to ensure that it is not "unlawful, unreasonable, or inequitable." *U.S. v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998). Where "the government has, to its satisfaction, successfully negotiated a comprehensive voluntary accord," *U.S. v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 848-50 (5th Cir. 1975), the consent decree is entitled to a presumption of validity. *U.S. v. Bay Area Battery*, 895 F. Supp. 1524, 1528 (N.D. Fla. 1995) ("When, as in this case, an agency committed to furthering the public interest has negotiated a decree, there is a presumption of validity.").

Here, considering the lengthy litigation history spanning over two years and almost two hundred docket entries, the three mediation sessions where each side was represented by competent counsel, this Court's own independent review of the Consent Decree for objectionable sections, and noting that the Consent Decree was jointly drafted and no objections have been filed on the docket, this Court finds that the proposed Consent Decree is lawful, reasonable, and equitable.

Accordingly, it is

**ORDERED** as follows:

1. The parties' Joint Motion for Approval of Consent Decree **[ECF No. 178]** is **GRANTED**. The Consent Decree **[ECF No. 178-1]** is **APPROVED**. The Consent Decree will be entered by separate order.

2. Plaintiff is **DIRECTED** to e-mail the Consent Decree in Microsoft Word format to Chambers at *damian@flsd.uscourts.gov* by **September 26, 2025**.

3.  After this Court enters the Consent Decree, the parties shall file a joint stipulation of dismissal within **thirty (30) days**.

4.  Failure to comply with this Order may result in sanctions.

5.  This case shall remain **CLOSED**. *See* ECF No. 177.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 22nd day of September, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**